[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE COUNTS 2 3 OF AMENDED COMPLAINT DATED APRIL 1, 1991
The plaintiff brings this action in three counts. In the first count he alleges that the defendants violated General Statutes section 31-290a. He claims that the defendants discharged him from employment because he filed a workers' compensation claim. In the second count he alleges that the actions of the defendants in terminating him were wrongful and in bad faith. In the third count he alleges that the actions of the defendants caused the plaintiff to suffer emotional distress.
Defendants seek to strike the second count of the complaint claiming that it merely duplicates the allegations of the first count and fails to state a separate and distinct cause of action. A violation of section 31-290a, a statute obviously designed to protect claimants who file for benefits under one of this century's most socially ameliorative statutory programs, is in essence a statutorily created tort deriving from the common law action for wrongful discharge. Ford v. Blue Cross Blue Shield of Connecticut, Inc., 216 Conn. 40, 52
(1990). Thus, if the plaintiff is able to prove that he was discharged as a result of his filing a workers' compensation claim, he is protected by the provisions of Conn. General Stat. section 31-290a. There is no need for a corresponding common law cause of action.
The defendants seek to strike the third count of the complaint which alleges an action for emotional distress. It is clear that emotional distress is an element of damages that can be recovered if the plaintiff prevails on his claim that he was discharged in violation of General Statutes section 31-290a. Ford v. Blue Cross Blue Shield of Connecticut, Inc., 216 Conn. 401
CT Page 9964 at page 62.
The motion to strike counts 2 and 3 is granted.
FRANCES ALLEN SENIOR JUDGE.